# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3426

_____

United States of America

*Plaintiff - Appellee*

v.

Alan W. Berger

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 16, 2015
Filed: May 26, 2016

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Alan Berger entered a conditional guilty plea to one count of knowing possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  Berger appeals the district court's[1] denial of his motion to suppress, arguing

---

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

no exception to the Fourth Amendment's warrant requirement permitted the search of a hard drive containing child pornography found at his house. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

In 2003, Berger pled guilty to using a means of interstate commerce to persuade a minor to have sex in violation of 18 U.S.C. § 2422(b) in the Southern District of Texas. The district court sentenced Berger to sixty months imprisonment and ten years of supervised release. Because the facts underlying Berger's guilty plea indicated that he used the internet to have sexual conversations and arrange a meeting for the purpose of engaging in sexual activities with an undercover officer posing as a twelve-year-old female, the district court imposed special conditions of supervision. As relevant here, one special condition of supervision prohibited Berger from accessing the internet without prior written approval from a United States Probation Officer ("PO"). The special conditions further prohibited Berger from possessing "Internet capable software on any hard drive, disk, floppy disk . . . or any other electronic storage media" without prior written approval from the PO. A separate special condition prohibited Berger from viewing or possessing any depictions of child pornography. Along with the special conditions of supervised release, the standard conditions required Berger to "permit a probation officer to visit him . . . at any time at home or elsewhere" and "permit confiscation of any contraband observed in plain view of the probation officer."

Berger was released from custody in 2007, and his supervision was transferred to the Western District of Arkansas in 2008. In December 2008, the district court revoked Berger's supervision because he possessed internet capable devices and downloaded adult pornography and child erotica. The district court took the matter under advisement for six months, then reinstated the original conditions of supervised release. Berger's supervised release period continued without incident until June 8, 2012 when PO Abby McKinney, accompanied by two other probation officers, conducted a home visit at Berger's residence. Berger did not respond immediately

to their announcements, but eventually opened the door and allowed the officers to enter. PO McKinney explained to Berger that they were doing a home visit and requested that he show them inside the home. Berger first showed the probation officers his front room and kitchen, then guided them to the backyard, which included a hot tub in plain view. Without questioning from the officers, Berger casually mentioned he had recently obtained the hot tub from the website Craigslist. Berger next showed PO McKinney a spare room/office with a computer tower and monitor in plain view. An Xbox gaming system was connected to the computer along with an internet capable wireless device. PO McKinney was aware the Xbox could also access the internet.

PO McKinney then asked Berger if he would consent to a search of the residence and presented him with a consent to search form. The form reads as follows:

Consent to Search
Offender/Defendant
United States Probation Office

I, Alan Berger, having been informed of my constitutional right not to have a search made of the premises hereinafter mentioned without a search warrant and of my right to refuse to consent to such a search, hereby authorize United States Probation Officers for the Western District of Arkansas, to conduct a complete search of said premises and curtilage, and any motor vehicle(s) located at [Berger's address].

I have further been advised that if I do consent to a search, any evidence found as a result of the search can be seized and used against me in any court of law, and that I may withdraw my consent to search at any time prior to the conclusion of the search.

After having been advised of my constitutional rights, I hereby voluntarily waive those rights and consent to a search and authorize United States Probation Officers for the Western District of Arkansas to conduct a complete search of the property hereindescribed.

[sic]. PO McKinney explained that Berger was not required to sign the form and could withdraw his consent at any time, but that anything found as a result of the search could be used against him. Berger indicated to the officers that he understood he could refuse consent, then signed the form.

PO McKinney then told Berger that the officers had reason to believe he was using and accessing the internet, specifically that he was utilizing an active Facebook account. She asked Berger to turn over any items of contraband and specifically mentioned internet capable devices. In response, Berger submitted an internet capable cellular phone. The probation officers questioned Berger about his internet usage, to which Berger initially admitted to using the internet for one to one and a half years, but later admitted to accessing the internet for three to four years. During their search of Berger's residence, the probation officers discovered a Seagate brand external hard drive, numerous USB drives, and various CDs. PO McKinney noted Berger appeared visibly nervous at that time. She compiled a list of all confiscated items, which Berger signed to acknowledge that the officers were taking the items. At that time, PO McKinney informed Berger that she would file a violation report but that she would recommend that the court delay any revocation proceedings until the confiscated devices could be examined, which Berger indicated he understood. A forensic examination of the confiscated devices revealed multiple video files and depictions consistent with child pornography, such as videos titled "15 YO incest" and "Two 13 YO Girls with cum in face" on the hard drive. The examination further revealed multiple images of minors approximately eight to ten years old, posing in sexually seductive positions and wearing provocative clothing.

In October 2013, Berger was charged with knowingly possessing a Seagate hard drive that contained images of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Berger filed a motion to suppress the evidence, challenging the warrantless search of the hard drive. The magistrate judge found that Berger had a diminished expectation of privacy with respect to the hard drive based

on his supervised release status, and the probation officers were therefore justified in searching the hard drive based on reasonable suspicion of a violation of the terms of his supervised release. The magistrate also found Berger had consented to the search in question. The district court adopted the magistrate's report and recommendations in January 2014. Berger entered a conditional plea of guilt to possession of child pornography, then filed a motion to dismiss and a supplemental motion to suppress in July 2014. The district court denied both motions and sentenced Berger to the mandatory minimum sentence of 120 months imprisonment in September 2014. Berger appeals the district court's denial of his motion to suppress.

Berger argues the district court erred in denying his motion to suppress and that his Fourth Amendment rights were violated by the probation officers' forensic examination of the hard drive. When reviewing a district court's denial of a motion to suppress, we review its factual findings for clear error but its legal conclusions de novo. United States v. Burston, 806 F.3d 1123, 1126 (8th Cir. 2015).

Under the Fourth Amendment, consensual searches are reasonable. Florida v. Jimeno, 500 U.S. 248, 250-51 (1991). When an officer obtains valid consent to search, neither a warrant nor probable cause are additionally required under the Fourth Amendment. United States v. Pennington, 287 F.3d 739, 746 (8th Cir. 2002) (citing United States v. Jenkins, 92 F.3d 430, 436 (6th Cir. 1996)). Berger concedes that he voluntarily consented to a search of his home, but contends the forensic examination of the hard drive confiscated from his house extended beyond the scope of the consent form he signed. The scope of consent to a search is measured by a standard of objective reasonableness. United States v. Siwek, 453 F.3d 1079, 1085 (8th Cir. 2006). We examine what "the typical reasonable person [would] have understood by the exchange between the officer and the suspect." Id. (quoting Jimeno, 500 U.S. at 251).

We concluded in <u>United States v. Beckmann</u> that consent to search a computer justified the search of an attached external hard drive. 786 F.3d 672, 677 (8th Cir. 2015). The defendant in <u>Beckmann</u>, like Berger, argued that his consent for an officer to search his computer did not extend to the connected external hard drive. <u>Id.</u> at 678. We noted that the reasonableness of an officer's search is measured objectively based on the totality of the circumstances and that where "a person is present and fails to object to the continuation of a search, courts consider such circumstantial evidence to provide proof that the search conducted was within the scope of consent." <u>Id.</u> Because the "common understanding that the term 'computer' encompasses the collection of component parts involved in a computer's operation," we held the officer's belief that the defendant's consent to search the computer included consent to search the hard drive was not objectively unreasonable. <u>Id.</u> at 678-79.

We find the same analysis applicable to this case. The facts of the case and totality of the circumstances justify the scope of the search; the facts here indicate it was objectively reasonable to believe Berger's consent included consent to forensically examine the hard drive on which the child pornography was discovered. Under the special conditions of Berger's supervised release, he was barred from accessing the Internet or possessing any internet capable software on any hard drive without prior written approval from his PO. His prior conviction involved his use of the internet to initiate sexual conversations with a minor. Further, he was required to submit to home visit by probation officers and allow the probation officers to seize contraband discovered in plain view. Upon the probation officers' arrival at Berger's house on the day in question, Berger took several minutes to answer the door. He then offered, without inquiry by the PO, that he utilized the online site, Craigslist, to purchase a hot tub, a clear violation of his supervised release conditions. A computer tower, monitor, Xbox, and internet capable wireless device were all within plain view of PO McKinney upon her entry into Berger's spare room/office. Berger even admitted to accessing the Internet over the last several years. After she informed

Berger that she was aware of his active Facebook account and saw the computer in plain view, PO McKinney requested Berger's consent to search the home. Berger acknowledged that he could refuse consent but voluntarily consented nonetheless. Finally, Berger observed the probation officers searching and collecting various items of contraband, including the hard drive at issue in this case. He did not object or protest to the search at any point and signed an acknowledgment that listed the seized items. The interaction concluded with the PO's explanation that she would file a violation report but that no further action would be taken until the seized items were examined; in response, Berger indicated that he understood.

We conclude that the scope of Berger's consent to search his home extended to the forensic examination of the hard drive. While the consent to search form did not specifically mention a computer or hard drive, the form clearly authorized the probation officers to "conduct a complete search" of the premises and elsewhere a "complete search of the property herein described" and informed Berger that any evidence found as a result of the search can be seized and used against him in a court of law. Berger could not have reasonably believed that the search he authorized did not encompass seizure of an external hard drive and a forensic examination of its contents as an examination of the files contained on the device would logically be necessary to determine whether any internet usage had occurred. A reasonable person would have understood that consent to search the "premises" for evidence of violations of the conditions of supervised release, including internet usage, extended to a forensic examination of any devices found in such search. Berger's failure to object or limit his consent after the PO informed him of the need for a forensic examination of the devices prior to any revocation hearing is strong evidence of Berger's understanding of the scope of his consent at the time.

Because Berger consented to the search of his home and internet capable devices, we need not address his argument regarding any potentially diminished expectation of privacy based on the conditions of supervised release imposed on him.

Accordingly, we affirm the district court's denial of his motion to suppress.

_____